Good morning, Your Honors. May it please the Court, my name is Sally Lamacchia. I'm here to represent the appellant, Mr. Kimber. And we are here because we believe the District Court made a mistake when it granted the defendant's motion to dismiss this case based on the exclusivity provision of the Federal Employees' Compensation Act. The government has put all of their eggs into that basket. I'm sorry, I did want to reserve five minutes for rebuttal. And so, I would like to first address the due process claim. The due process arguments, the claims presented by Mr. Kimber, those types of due process claims were addressed by this Court in 1985 in the case of Rodriguez v. Donovan. The Court in that case, and that is cited in both parties' briefs, the Court in that case looked at a claim by Rodriguez against the Department of Labor and allowed due process claims to go forward on these facts. Rodriguez alleged that when he entered into a criminal settlement with the government, a period of suspension of his benefits, compensation benefits, should have ended. They should have been reinstated. He asked for a hearing. He wasn't given a hearing. What was the nature of the relief that was being sought initially in this case, in our case? Initially in this case. The initial relief sought by Mr. Kimber was an order that the Department of Navy comply with the regulations directed at the Department of Navy, which we have attached to our complaint, governing their conduct in processing a Form CA-2. So, sort of an injunctive relief. Yes, that was one bit of relief. I don't really recall, Your Honor. I think at the time he also requested reinstatement. There was a lot going on for Mr. Kimber at that time. And then he requested to be made whole. He requested attorney's fees. He requested to be free of a... And was all of the relief that was being requested within the jurisdictional power of the Department of Labor? Oh, I misunderstood your question. I'm so sorry. No, the Department of Labor does not have any power to give relief beyond standard workers' compensation, you know, remedies. Replace your lost wages, provide you medical care. So no. And actually that's what the Ninth Circuit said about this case. This is why they let Rodriguez go forward. One reason why they let Rodriguez go forward. These are constitutional claims. They don't require, the Court said, they don't require that the Appeals Court or the District Court look at any decision made by Department of Labor. Kimber's case is not dependent on the Court looking at any decision made by Department of Labor. This case is all about what the Navy should have done under these specific regulations passed to enact, to implement the Federal Employees Compensation Act. Yes, but these regulations are directed only to the employer. The Department of Labor has no authority over... Well, that's why I'm asking the question because it seemed to me that, I think, one of the claims was that a baby monitor was being used to either eavesdrop on him or what's, for the precise word, the allegation. The baby monitor claim is one part of this case that seems to... I understand that, but what is the claim? The claim is that Mr. Kimber's co-worker, with the consent of his supervisor, placed a baby monitor near his sleeping quarters with their receiver or transmitter, whatever it's called, in the captain's quarters to monitor, without Mr. Kimber's knowledge, what happened between those two employees, if anything. Now, nothing happened. Nothing happened on that particular... But is there a claim that this is somehow a non-Department of Labor-type violation upon which some claim for relief is predicated? I want to be sure I understand your question. Is this a claim upon which, which claim? Our claim in court or the... Well, is some constitutional claim being made about that conduct, which is extra to the Department of... the workers compensation powers under the Department of Labor? No, Your Honor. Actually, the microphoning incident... No, such a claim is not being made. No, no, it's not. The claim that's being made is that the failed to comply with these specific regulations or ignored them completely and did whatever they wanted to do. These regulations tell the Navy how they can participate in this administrative process that gets the... So is the crux of the complaint, then, that by failing to comply with these regulations and the handling of his forms, and that constitutes like a failure to cooperate in the DOL proceedings, which then resulted in the denial of his benefits by DOL? There's a couple of things to address there, Your Honor. I want to make it very clear that whether or not the Navy's actions resulted in the denial of workers' comp benefits is immaterial to our case. What the Department of Labor does in any instance is immaterial to our case. It is not about them. The crux of this case is also a little bit broader than the Navy not complying with these regulations. The crux of this case is the Navy doing whatever they want in the context of a non-adversarial, remedial, administrative system when they have been given specific instructions about how to participate in that system. They instead, instead of following those specific instructions in the regulations attached to our complaint, which say, I think it's 10.118C, tells the agency, the question asked is, can they participate in the claims process in any other way besides the ways set out here? And the answer in Part C of .118 is no, no, they cannot participate in any other way. Therefore, if the Navy participates in this administrative process, in an adversarial way, or in any other way, then they are running afoul of these regulations and as far as Mr. Kimber is concerned, they are interfering with his due process rights. I mean, the simple fact is, and the record reflects, that the CA-2 claim form was not signed by the Navy for five years. It took five years to get a signature on that claim form. Now, you know, something that sounds so simple, it's never simple. There's a lot behind that story. I get that. But the fact still remains that from 2005 to 2010, Bart Kimber ran around to try to chase down this form and move his claim forward. He even engaged the agency legal office. He wrote them letters in 2008. Help me, where is this? What's the issue we have to decide? The issue you have to decide is that Mr. Kimber deserves his day in court. Is that, is whether you mean, it's whether he has been, his day in court for what? Because the Navy's failure to act in accordance with these regulations, number one, and the Navy's failure to act totally contrary to these regulations, those two things operated over a period of literally years, eight years is what I say in the complaint, to deprive Mr. Kimber of due process. And in Rodriguez, that's exactly what the Ninth Circuit pointed to. They pointed to delay and the failure to hold a hearing and said that Rodriguez's claim against the Department of Labor in that case, not even his employer, actually against the Department of Compensation Act, the Ninth Circuit let that case go forward on due process. So let's say this case goes forward and he prevails. What relief are you hoping that he will get, separate in part from the benefits that DOL would have jurisdiction over? So far, Your Honor, DOL has denied any wage loss compensation to him. There is a period of about 18 months when he was not able to work and he claimed that and that was denied. So he will be looking to get any kind of a wage loss that the Department of Labor has said we're not going to give you. He's also going to look for a pain and suffering, mental anguish, you know, the interference with the joy of his life. I mean, this is a man... This is like Truman Day for me because I thought the first question I said is what relief are you seeking? And now you're giving an answer that's entirely different than the answer you gave to my question. Your Honor, I think... I think when I asked the question, you said we're asking for some form of injunctive relief. That's what I heard and now... Yes, Your Honor. Now I'm hearing something else. That's what I'm trying to get at and I share Judge Lucero's concern because looking at the prayer of relief and the damages allegations, it wasn't clear that he's really seeking anything other than the Let's get back to the question of injunctive relief. The Navy now has handled the forms, right, procedurally. Is there anything left that would be addressed by the injunctive relief claim? No, Your Honor. I mean, the fact is what DOL does or doesn't do at any point in the chronology of events is now immaterial to whether or not this court is going to send the case back to the district court. Returning to the monitoring incident, which takes front row seat here, the monitoring incident was recently found by the Department of Labor to be a non-compensable incident. So what we're looking for is for the opportunity for Mr. Kimber to shine a light on what happens in that injury compensation office when it's time to process an injury compensation claim. In Mr. Kimber's case, the process fell apart. It fell apart. The Navy did not live up to any obligation in the regulations. They didn't provide him a receipt for the CA-2 that he filed in 2005. Had they done that, there might not have been a five-year delay until he finally got a signature on the form. May I ask you again, which case did you say you were relying on? Donovan v. Rodriguez, Your Honor. That's 769 Fed 2nd 1344, decided in the Navy's brief. I don't think it's in your brief. It is definitely in the Navy's brief, Your Honor. I'm very sorry if it's not in mine. I think it may not be, which is why I'm arguing it here at the Ninth Circuit. I think it's just in a sort of a sentence in the Navy's brief saying that you can't bring this kind of a claim. It may be, but that is incorrect. Well, it just seems to me that, first of all, you're three minutes over time, but secondly, that you're just throwing up a lot of facts in the air, kind of like a leisure to main routine, and then expecting that somehow when they all filed out, when they all come to land, somewhere there's a claim for relief, and I just don't see it. That's the limited perspective of one panel member. Our objective, again, Your Honor, is to find a way to shine some light on how the agency conducted itself in this case with respect to a worker's comp claim. That is, how else do we get to shine a light on what happens in the injury compensation office? Grab a flashlight. Taking that in the It's shining a light isn't the function of the court, basically. You've got to have a claim that, as I understood your claim, essentially, but I'm not sure that's what you're contending that the Navy's conduct was unconstitutional. Correct. In the way it but I think shining a light is not a basis for a lawsuit. Your Honor, may I read from the Donovan case, the Rodriguez case? If it's quick. Thank you so much. And the court said, this court said in 1985, we simply conclude that on the basis of the record before us, Rodriguez's due process contentions appear to be more than mere allegations included in the complaint. The court said, we hold today that FICA was not intended to preclude jurisdiction over a due process challenge such as the one Rodriguez raises here. And the facts that the court pointed to were very similar to the facts here. Thank you. I just wanted to read that. You've read it. Thank you. I have, well, actually, I do have one. No, no. Am I over time? You're five minutes over. All right. Thank you. Good morning. Kyle Hoffman for the Secretary of the Navy. Counselor, I'm trying to cut through to see what the issues are here. It seems to me that what counsel is saying is that they have a complaint for due process violation against the Navy for depriving him of his rights to a fair hearing for the Department of Labor, not following the regulations that bind it. And then it has similarly a discrimination case, which may have other problems in addition. But is there any authority on whether it's possible to bring a case against one agency that fails to, let's assume the fact, let's assume the Navy failed deliberately, willfully to comply with its duties in connection with the processing of the DOL claim. Is there any case that whether the Navy can be sued for that violation under a separate constitutional claim? Is there a case directly on point on all fours with this? No. What's the closest? I would submit it's Markham, which is the Ninth Circuit case, which look, it's very clear that the rule is that FECA is exclusive with two narrow exceptions. I'm quoting almost directly from Markham. I emphasize the narrow. One, a constitutional claim. There's no doubt that constitutional claims are part of the narrow exception. Another is if there's a clear violation of the underlying FECA statute. That's the FECA statute. It has to be crystal clear. Now, what I would suggest from the questions from the bench, from Judge Lucero in particular, is neither of those conditions is met here. What we have are a lot of hand-waving. What I was looking for, and perhaps you might enlighten me in this, it seemed to me that if a constitutional lawyer were looking at this case and saying, I'm going to bring in a cause of action for a constitutional violation, that they might say, well, eavesdropping of it's instead a separate constitutional violation that requires certain types of relief and that are paid for. That's kind of what I was looking for in my questions. I couldn't get a single answer to those until we got to the flashlight. I mean, I don't know. Well, Your Honor, I'd suggest this. If you look at the complaint, what it says is, it says the sole, it's the defendant's, that's the Navy, processing of this 2004 CAI-2, that's a FECA complaint that is at issue in this case. That's all that's at issue is the processing of that complaint. Where are you reading from? Is that from the... That's from the complaint, paragraph 6. Well, that's what I understood, was that there was a complaint about the way the Navy handled this process. Undoubtedly. But that's not, I would suggest, Your Honor, that does not rise to the level of a constitutional claim. I heard a lot of regulations, regulations, regulations, but not a lot of, there was a right to a hearing that was completely denied. In fact, the 28-J letters, the hearings have happened. They've happened. Suppose the Navy just refused to cooperate in the FECA claim. He went to the Department of Labor, got there properly, let's assume, complied with whatever prior administrative filings he needed to make. It was before there, and the Navy said, the hell with you, we're not going to cooperate in this process. Would there be any relief from that? On that hypothetical, Your Honor? Perhaps. Here, there was a mix-up. There's undoubtedly... What would it be if the Navy said, look, we don't like this fellow. He can go to FECA all he wants, but we're not going to furnish any information, we're not going to do anything. Your Honor, I'm not going to stand in front of the Court and say there's no way you could find a claim. Well, I thought you said that that was the second exception that would give us jurisdiction. If there's a clear violation of the underlying FECA statute. I'm suggesting that neither one of those is the case here. Particularly where you have... But in response to Judge Rehnquist's question, it seemed to me that that is the way he states it. It would be an exception that would give us jurisdiction. Yes. Agreed. In terms of the rule, whether that rule is met here, I would suggest emphatically not. So that's the issue we're getting down to. It seemed to me that that's what they were trying to plead, but maybe not. That the Navy had violated its constitutional rights. But recall, Your Honor, there's a lot of regulation, regulation, regulation. Not a lot of constitutional right. And Markham is a case in which the Court said, what your beef is, so to speak, you're complaining about the claims processing. That doesn't reach to the level of a due process claim. And I suggest that's the situation here. It could be a statutory-based claim, like a Title VII claim, for instance. That's why I was asking counsel about the damage allegations and the relief, because like the Nichols case and the Cabrera case out of the 11th Circuit, there was no jurisdictional bar there, because there could be an articulation of relief that's separate and apart from the collateral attack on the FECA or damages. So what I'm trying to test is, are there those type of allegations in this case? I'm not going to say there aren't those type of allegations, because there are all kinds of types of allegations in here, going to Judge Lucero's point. I mean, it's throwing everything up against the wall. What I'm saying is that the gravamen of the thing is, you didn't process this form. Which turns out, actually, since the District Court made its decision, it has fully processed the form. And the Department of Labor has made decisions. So it's moot in that respect. The second thing is, it's also the case, I disagree emphatically with counsel, that it's immaterial. Their position is it's immaterial what the Department of Labor does ultimately at the end of the day. They're trying to undo that decision. They want the benefits that the Workers' Compensation Board would be otherwise able to provide them. If they're saying no, then what is the relief they're seeking?  You're saying that what has happened since the case is on appeal, I gather, moots the case because they're getting the relief from the Department of Labor? To the extent the notion was the CA-2 wasn't processed, it has been. In fact, as I understand it, the state of play in the Workers' Compensation arena is it was sent back down, it was denied, and now there's a right of appeal from that. Yeah, but was the allegation in a sort of quasi-mandamus, or was it mandamus plus? In other words, they weren't just complaining that it hasn't been processed. It seemed to me they were complaining about it a great deal more. Right. Well, they're complaining it hasn't been processed, and as a result, we haven't gotten our benefits that they seem to think they're entitled to. That's what I'm saying is underlying the whole thing, and why the claim that, oh, what the Department of Labor does ultimately is immaterial is not right. If you're right, what should the process be so that those facts can be before the district court? I mean, we can't take the facts of what happened and make a decision on that. That would be proper for the district court. Well, I suggest this, Your Honor, and the precise question before this court right now is, was the district court correct in dismissing the complaint? The answer to that question is yes. At that time, the complaint had been denied by the Department of Labor, and the only way the court could have looked into that, the allegations, was to undo that. Then why are you telling us about what happened since then? Well, it happened. I know a lot of things have happened. We've elected a new president. If you're saying it's not relevant, then don't tell us about it. Well, Your Honor, those were submitted by opposing counsel in the 28-J letter as to what happened later on. I'm just saying that as far as the claim is, oh, you didn't process this form, subsequent events have mooted that claim. Well, now wait a minute. Subsequent events are something you don't want us to consider. You want us to consider only what was before the district court at the time, right? Well, I'm saying the district court's decision should be affirmed on the basis of what was before him at the time. If anything, what was before him at the time. All right. Then why are you telling us about subsequent events? Well, counsel brought it up at the 28-J letter. I know. Counsel brought up a lot of things. I agree. Then you tell us what you think is relevant and what you think is proper for us to consider. Affirm the district court. All right. Okay. Thank you. Yes, thanks. Thank you. All right. Thank you both very much. Your Honor, do I have any time for rebuttal? You've got minus five minutes. I'll give you one minute, but no matter where you are in the sentence, you're going to be cut off after one minute. I appreciate that, Your Honor. I expect to be cut off. I want to just say this is not about processing a claim form. This is about participating in a non-adversarial process that is, in my experience, a marathon for the claimant. So the employing agency is involved over an extended period of time, and that's what our complaint is about. It's about their involvement over an extended period of time. I do think that Rodriguez is right on. I would think that that would be authority enough to reverse the district court. I want to also mention a case of an Oregon case, Ponce, in 2013, and that is also a case that found that there were sufficient allegations to go forward on a due process claim, and that was against the Department of Labor. Still, the court found that you could go forward. Another case I will mention is Miller v. Bolger, a Third Circuit case, 802 Fed 2nd 660. This case determined that FICA cannot affect the federal court's jurisdiction granted by Congress under Title VII. Thank you so very much. Very good. You made it by one second.
judges: Reinhardt, Lucero, Nguyen